**UNITED STATES of America**

v.

**Abelardo Gerardo GONZALEZ.**

**Criminal No. L–95–216.**

United States District Court,
S.D. Texas,
Laredo Division.

Dec. 15, 1995.

Charles R. Borchers, Person Whitworth Ramos Borchers & Morales, Laredo, TX, for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is this Defendant's Motion to Suppress. (Docket n. 41). Defendant claims that the Government's search of his automobile, which resulted in the seizure of approximately 459 pounds of marijuana, was unreasonable under the Fourth Amendment and that the evidence should therefore be suppressed. The Government counters that the search was reasonable and, alternatively, that Defendant lacks Fourth Amendment standing to contest the search because he abandoned the vehicle after being pursued by law enforcement officers. In a pre-trial hearing conducted on November 8, 1995, the Court ordered the parties to submit briefs on the abandonment issue. On November 14, 1995, the Government submitted a brief in support of their position. (Docket n. 60). Defendant filed a memorandum of law on November 17, 1995. (Docket n. 61). On November 21, 1995, Defendant filed a supplement to his memorandum in support of the motion to suppress. (Docket n. 65).

## BACKGROUND

In this Memorandum, the Court accepts the representations of the attorneys as to the facts pertinent to the abandonment issue. If at trial there is a significant variance in any material facts, a different result may be required. At approximately 2:50 a.m. on September 8, 1995, a Government agent, using a radio scanner, overheard certain conversations between at least three individuals. The conversations caused suspicion that an illegal venture might be afoot. The conversations also indicated that the individuals planned to travel through the Highway 359 Border Patrol checkpoint, which had recently been closed due to bad weather.

The agent, now accompanied by another agent, went to a location west of the checkpoint and waited for the vehicles that they suspected were carrying narcotics or aliens. Based on the conversations, the agents expected the "load" vehicle to be a passenger car. After a few minutes, the agents observed one pick-up truck drive in front of them, immediately followed by a large passenger car. The cars were travelling eastward, in tandem and at a high rate of speed. The agents followed the two vehicles for about five miles, when the passenger car turned back and proceeded west on the highway. The truck also turned around and followed the passenger car. One of the agents recognized the driver of the car to be this Defendant.

Because of the drivers' evasive actions, the Border Patrol agents decided to stop the vehicles for an investigative detention. Both cars refused to stop and instead sped off. After a high speed pursuit for approximately four miles, Defendant turned right and proceeded north on a road leading into a housing subdivision. About a half-mile down the road, Defendant stopped his car and fled the vehicle on foot, leaving the driver's door open. Reaching the car, the agents opened the trunk by using the automatic release button in the glove compartment. In the trunk, the agents found 22 bundles of marijuana weighing approximately 459 pounds.

## LEGAL ANALYSIS

An individual has no standing to complain of a search or seizure of property that he has abandoned. *United States v. Quiroz–Hernandez*, 48 F.3d 858, 864 (5th Cir.1995) (citation omitted). The abandonment question is one of intent, focusing upon "whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *United States v. Williams*, 569 F.2d 823, 826 (5th Cir.1978) (citation omitted).

The abandonment must be voluntary and cannot be influenced by improper police conduct. *Quiroz–Hernandez*, 48 F.3d at 864. However, neither a lawful arrest nor a law enforcement officer's "legal presence for investigatory purposes or pursuit" will render an otherwise voluntary abandonment

involuntary. *Id.* In fact, the Fifth Circuit has "never doubted that the [abandonment] principle justifies a police search of a car that was left on the highway by a fleeing suspect after a high speed chase." *Williams,* 569 F.2d at 826 (citation omitted).

## APPLICATION

In the November 17, 1995 Memorandum of Law, Defendant presents three arguments concerning abandonment: (1) that he did not abandon his automobile for Fourth Amendment standing purposes; (2) that if he abandoned the car, it was as a "result of the illegal police chase"; and (3) that since the officers had already determined the ownership of the vehicle, the officers exceeded their authority in opening the trunk of the automobile. (Docket n. 61 at page 7).

Because there is no doubt this Defendant physically abandoned his vehicle and fled, his first two arguments collapse into a single inquiry of whether this abandonment was prompted by illegal police activity. Defendant argues that the agents lacked probable cause for the search and therefore the marijuana should be excluded. Under the abandonment analysis, however, if the Court decides that the agents lawfully pursued Defendant and Defendant voluntarily abandoned the vehicle, Defendant would have no standing to challenge the search.

■ A threshold question is whether the agents' actions in pursuing Defendant constituted a "seizure" for Fourth Amendment purposes. A seizure occurs when an officer, either by application of physical force or by a show of authority, somehow effects the restraint of a person's liberty. *California v. Hodari D.,* 499 U.S. 621, 624, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991). If there were no seizure of Defendant by the agents, no Fourth Amendment concerns are implicated. Mere pursuit, including the electronic equivalent of yelling "Stop, in the name of the law!" is not a seizure. *Id.,* at 624, 111 S.Ct. at 1550. This is true even assuming the absence of reasonable suspicion to justify a stop. *Id.,* at 622, n. 1, 111 S.Ct. at 1549, n. 1.

Therefore, contraband abandoned during the flight and discovered by the pursuers is not the fruit of a seizure. *Id.,* at 628, 111 S.Ct. at 1552.

This case, like *Hodari D.,* involved only a show of authority accompanied by neither physical force nor a submission to authority. Because Defendant was not "seized" by the agents for Fourth Amendment purposes, *Id.,* at 628, 111 S.Ct. at 1552, the abandoned car was not the fruit of a seizure and would not fall under the scope of the Fourth Amendment's exclusionary rule. *See United States v. Silva,* 957 F.2d 157, 159 (5th Cir.), *cert. denied,* 506 U.S. 887, 113 S.Ct. 250, 121 L.Ed.2d 182 (1992).

■ The Defendant's third point, that the agents exceeded their authority in opening the vehicle's trunk, is also without merit. A police officer may enter a vehicle on public property to ascertain its owner. *United States v. Barlow,* 17 F.3d 85, 88 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 148, 130 L.Ed.2d 88 (1994). An abandoned vehicle may be inspected and an officer "may even enter a locked trunk as part of his inspection." *Id.* (citation omitted). Accordingly, Defendant's Motion to Suppress is DENIED[1].

---

1. As stated on page 1, if it later develops that the facts surrounding this incident are materially different than those described above, this Defendant may move for reconsideration at the appropriate time.